United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHEN HALE,

        Plaintiff,

  v.

VACAVILLE HOUSING AUTHORITY,

        Defendant

_____/

No. C-08-5608 MMC

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR IMPROPER VENUE**

      Before the Court is plaintiff Chen Hale's ("Hale") application to proceed in forma pauperis and her complaint, both filed December 15, 2008.  In her complaint, Hale alleges that defendant Vacaville Housing Authority ("VHA") discriminated against her, on the basis of her disability, when it did not rent her an apartment in the Senior Oak Apartments in Vacaville, California.  Based on such allegations, Hale seeks relief under the Americans with Disabilities Act and the Civil Rights Act of 1964.  According to exhibits attached to the complaint, VHA is located in Vacaville.

      A civil action wherein jurisdiction is based on a federal question may be "brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

1  no district in which the action may otherwise be brought." See 28 U.S.C. § 1391(b).

2       Here, the defendant, VHA, resides in Vacaville, which is located in the Eastern

3  District of California.  See 28 U.S.C. § 84(b).  The events described in the complaint

4  occurred entirely in the Eastern District of California, where the rental property at issue is

5  located.  Finally, there is another district in which the action may be brought, specifically,

6  the Eastern District of California.  Consequently, it appears venue is improper in this

7  district.  See 28 U.S.C. § 1391(b).

8       Accordingly, plaintiff Chen Hale is hereby ORDERED TO SHOW CAUSE, no later

9  than February 13, 2009, and in writing not to exceed five pages in length, why the instant

10  action should not be dismissed without prejudice based on improper venue.  See 28 U.S.C.

11  § 1406(a) (providing district court has discretion to dismiss "case laying venue in the wrong

12  . . . district"); Costlow v. Weeks, 790 F. 2d 1486, 1488 (9th Cir. 1986) (holding district court

13  has authority to raise the issue of defective venue on its own motion).

14       Hale's application to proceed in forma pauperis, as well as her Request for

15  Appointment of Legal Counsel, filed January 15, 2009, will be taken under submission,

16  pending determination of the question of venue.

17       **IT IS SO ORDERED.**

18

19  Dated:  January 22, 2009

20                                                    MAXINE M. CHESNEY
                                                      United States District Judge

21

22

23

24

25

26

27

28

2