IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHEN HALE,

    Plaintiff,                            No. CIV S-09-0391 JAM EFB PS

    vs.

VACAVILLE HOUSING AUTHORITY,

    Defendant.                       ORDER
_____/

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to E. D. Cal. L. R. 72-302(c)(21), and 28 U.S.C. § 636(b)(1), upon transfer from the U.S. District Court for the Northern District of California, on February 10, 2009.

        Presently pending are the following matters: plaintiff's request to proceed *in forma pauperis*, plaintiff's request for appointment of counsel, plaintiff's request to be exempt from filing papers in electronic format, and plaintiff's request that this case be transferred back to the Northern District. The court addresses each of these matters.

        I. <u>Venue</u>

        The U.S. District Court for the Northern District of California properly transferred this action to this court based on venue considerations. As found by the Northern District, defendant Vacaville Housing Authority is located in Vacaville, within the Eastern District of California,

1

and the events described in the complaint occurred entirely within this district. Additionally, while plaintiff now states that she is homeless and receives her mail at a Berkeley post office, she lived in Vacaville when she filed her complaint. Thus, venue is proper in this court, where the case shall remain. *See* 28 U.S.C. § 1391(b)(1).

Accordingly, plaintiff's request to transfer venue back to the U.S. District Court for the Northern District of California, Dckt. No. 23, will be denied.

II. *In Forma Pauperis*

The affidavit submitted by plaintiff, in support of her application to proceed *in forma pauperis*, makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed *in forma pauperis*, Dckt. No. 2, will be granted.

This determination does not complete the required inquiry under the *in forma pauperis* statute. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (Fed. R. Civ. P. 12(b)(6)). To avoid dismissal, the complaint must set forth "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (emphasis omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

////

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Additionally, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp., supra*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Review of plaintiff's complaint demonstrates that it meets these standards, subject to the exception noted below. The complaint alleges that defendant Vacaville Housing Authority ("VHA") discriminated against plaintiff on the basis of her national origin and physical disability, when it denied her continued participation in a "Section 8" housing assistance program (U.S. Housing Act, United States Code, Title 42, Section 8), based on administrative findings that she had failed to disclose certain financial information. Plaintiff alleges *prima facie* claims that VHA actions violated the Americans with Disabilities Act and the Civil Rights Act of 1964.

However, in a separate document entitled, "Notice of additional legal argument," plaintiff has added subsequent facts and a claim pursuant to the California Dymally-Alatorre Bilingual Services Act (Cal. Gov't Code §§ 7290-7299.8). *See* Dckt. No. 20. These additional claims may not be asserted in a separate document. Rather, they must be combined with the facts and claims set forth in plaintiff's original pleading, and filed as one document in an Amended Complaint.[1]

---

[1] Local Rule 15-220 requires that an amended complaint be complete in itself. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (amended complaint supersedes the original complaint). All pertinent matters must be consolidated into one document, an amended complaint, because the court cannot refer to multiple documents filed at different times in order to construe a

This will require plaintiff to redraft the complaint to include the claims of each document in a single, stand-alone document.

Accordingly, plaintiff's complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint within thirty (30) days of the filing date of this order.

   III.  Appointment of Counsel

Plaintiff next seeks appointment of counsel. "28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted). However, the court may appoint counsel under section 1915(d) only under "exceptional circumstances." *Id*. at 1331. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id*. (citations and internal quotations omitted); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Evaluating these factors in tandem, the court finds that plaintiff has failed to demonstrate the "exceptional circumstances" that would authorize appointment of counsel. Her filings are succinct and articulate, and plaintiff has a demonstrated capability of contacting the court in order to move her case along. Moreover, at this juncture and based on the limited information currently before the court it appears equally likely that plaintiff or defendant will prevail on plaintiff's *prima facie* claims. Thus, plaintiff has amply demonstrated the ability to articulate

---

pleading. Thus, upon the filing of an amended complaint, the original complaint serves no function in the case. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Moreover, defendants not named in an amended complaint will no longer be defendants in the action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4

complex and facially persuasive claims without the assistance of counsel.

Accordingly, plaintiffs' request for appointment of counsel, Dckt. Nos. 5, 12, is denied without prejudice.

IV. Electronic Filing and Telephonic Notification

Plaintiff seeks to be "removed" from the requirement of electronic filing, because she does not have a computer and relies on others to assist her in the preparation of her documents. The motion is unnecessary. Because plaintiff proceeds in *pro se*, she is exempted from the electronic requirement. Indeed, she is required to file her documents in paper format, as she has been doing.

Local Rule 5-133(b)(2) provides: "Any person appearing *pro se* may *not* utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. *See* L.R. 5-133(b)(3). All *pro se* litigants shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Local Rules." (Emphasis added). The purpose of this rule is to insure that *pro se* documents are properly filed. *See, e.g., Baker v. IC System, Inc.*, 2008 WL 4186166, 1 (D. Ariz. 2008) (the court "require[s] pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed").

Accordingly, plaintiff's request to be "exempt" from electronically filing her documents Dckt. No. 7, is denied as moot.

Plaintiff also requests that the Clerk of Court be required to inform plaintiff by telephone whenever the court issues an order, because plaintiff has not been receiving all of her mail, and would like to make arrangements to pick up orders directly from the court. This request is not one that the court can pragmatically accommodate. Moreover, as plaintiff has demonstrated, she is free to call the Clerk's office and inquire whether the court has ruled. Accordingly, this request is denied.

////

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' request to transfer this case back to U.S. District Court for the Northern District of California, Dckt. No. 23, is DENIED.

2. Plaintiff's request to proceed *in forma pauperis*, Dckt. No. 2, is GRANTED.

3. Plaintiff's complaint is dismissed without prejudice, with leave to amend.

4. Plaintiff shall file within thirty (30) days from filing date of this order an amended complaint, which shall bear the docket number assigned to this case, be labeled "Amended Complaint," and set forth all pertinent and consolidated facts, claims, and relevant supporting documents. Failure to do so will result in a recommendation for dismissal without further leave to amend.

5. Plaintiff's request for appointment of counsel, Dckt. Nos. 5, 12, is DENIED without prejudice.

6. Plaintiff's request to be exempt from electronically filing her documents, Dckt. No. 7, is DENIED as moot.

7. Plaintiff's tandem request that the Clerk of Court be required to inform plaintiff by telephone whenever the court rules, Dckt. No. 7 is also DENIED.

SO ORDERED.

DATED: May 13, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE