IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHEN HALE,

      Plaintiff,                                No. CIV S-09-0391 JAM EFB PS

      vs.

VACAVILLE HOUSING AUTHORITY,

      Defendant.                         <u>ORDER</u>

      On May 13, 2009, this court granted plaintiff's request to proceed *in forma pauperis*, and dismissed her complaint with leave to file an amended complaint. Dckt. No. 24. She filed an Amended Complaint, Dckt. No. 27, which the court now screens pursuant to 28 U.S.C. § 1915(e)(2).

I. <u>AMENDED COMPLAINT</u>

      The court dismissed plaintiff's original complaint because it sought to incorporate by reference allegations and argument from another document and, therefore, failed to comply with the pleading and format requirements of the local rules and Rule 8, Fed. R. Civ. P. Plaintiff was given leave to amend and directed to consolidate her claims in a single document that will serve

////

////

as her Amended Complaint, which she has since filed.[1]

It appears from plaintiff's Amended Complaint that she is challenging the validity of a decision by the defendant, Vacaville Housing Authority ("VHA"), to terminate her from continued participation in a "Section 8" housing assistance program (U.S. Housing Act, United States Code, Title 42, Section 8), on December 31, 2008, based on administrative findings that she had failed to disclose monthly income of $350 from the Veteran's Administration. Plaintiff asserts that VHA discriminated against her due to her national origin (Chinese) and physical disability (for which she receives SSI), and improperly denied her an interpreter at her administrative interviews and hearing despite her demonstrated limited English language proficiency. She asserts general claims pursuant to Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the California Dymally-Alatorre Bilingual Services Act. Attached to the Amended Complaint are multiple exhibits, including of the underlying administrative proceedings, and of documents demonstrating her need for interpreters even at medical appointments.[2] Plaintiff seeks reversal of VHA's decision terminating her housing, reinstatement in the "Section 8 Home Ownership Program," and damages.

While the Amended Complaint is hardly a model of clarity, it is apparent that plaintiff seeks to overturn the decision of the VHA hearing officer upholding the decision to terminate her participation in the Section 8 housing program based on fraud and failure to comply with 24 C.F.R. § 982.551(b)(4) and (k). It is unclear from plaintiff's filings whether there is subject matter jurisdiction for this court to review the VHA decision and whether any available judicial review is preclusive of the claims for damages. Accordingly, the court is ordering service of the complaint without prejudice to any Rule 12 motion, or motion under Rule 56 that the defendant

---

[1] The court also denied without prejudice plaintiff's request for appointment of counsel.

[2] In a permissibly separate filing, plaintiff has submitted the transcript of her September 16, 2008 administrative hearing before the Vacaville Housing Authority. Dckt. No. 29.

2

might file in this action.

II. APPOINTMENT OF COUNSEL

Plaintiff again seeks appointment of counsel. See Dckt. Nos. 25 and 28. "28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted). The court may request an attorney to provide representation to a Section 1915(d) plaintiff only under "exceptional circumstances." *Id*. at 1331. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id*. (citations and internal quotations omitted); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The court previously concluded that plaintiff has failed to demonstrate the "exceptional circumstances" supporting appointment of counsel and her newly filed complaint provides no information to alter that finding. Accordingly, her renewed request for appointment of counsel is denied.

III. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court is directed to issue summons forthwith pursuant to Fed. R. Civ. P. 4.

2. The Clerk of Court shall send plaintiff one USM-285 form, one summons, a copy of the file endorsed complaint, this court's "Order Requiring Joint Status Report," and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes, and the court's voluntary dispute resolution program.

////

////

3. Plaintiff is advised that the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for defendant VHA;

    c. A copy of the file endorsed complaint for the defendant, with an extra copy for the U.S. Marshal; and,

    d. A copy of this court's "Order Requiring Joint Status Report" and related documents for the defendant.

4. Plaintiff shall supply the United States Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall, within 10 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal*.

5. The U.S. Marshal shall serve process, with copies of this court's status order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 10 days thereafter, file a statement with the court that said documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

6. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (Tel. 916-930-2030).

7. Plaintiff's motion to appoint counsel is denied.

8. Plaintiff's "request" for prompt court processing, Dckt. No. 31, is DENIED as moot.

SO ORDERED.

DATED: October 6, 2009.

*[signature]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE