IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHEN HALE,

             Plaintiff,                     No. CIV S-09-0391 JAM EFB PS

     vs.

VACAVILLE HOUSING AUTHORITY,

             Defendant.               __ORDER__

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), upon transfer from the United States District Court for the Northern District of California on February 10, 2009. Presently pending before the undersigned is plaintiff's November 3, 2009 request for a court-appointed interpreter and counsel.  Dckt. No. 40.

__REQUEST FOR COUNSEL__

      On April 10, 2009, plaintiff filed a request for counsel in this action, contending that she does not read or write English, that she suffers from pain and various physical disabilities, that her case involves "complicated legal issues," and that she cannot afford counsel.  Dckt. No. 21 at 1, 3.  On May 13, 2009, the court denied plaintiff's request because she had "failed to demonstrate the 'exceptional circumstances' that would authorize appointment of counsel."

Dckt. No. 24 at 4 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)

("[C]ounsel may be designated under [28 U.S.C. §] 1915(d) only in 'exceptional circumstances'.

. . . A finding of exceptional circumstances requires an evaluation of both 'the likelihood of

success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of

the complexity of the legal issues involved.'")). The May 13, 2009 order noted that plaintiff's

"filings are succinct and articulate" and that she "has a demonstrated capability of contacting the

court in order to move her case along." *Id.* The order further stated that "at this juncture and

based on the limited information currently before the court it appears equally likely that plaintiff

or defendant will prevail on plaintiff's *prima facie* claims."[1] *Id.*

On May 27, 2009, plaintiff filed an amended complaint and again filed a request for

counsel. Dckt. Nos. 25, 27. Plaintiff also filed a separate motion for reconsideration of the

portion of the May 13, 2009 order denying her request for counsel. Dckt. No. 28. On October 7,

2009, the court once again denied plaintiff's requests for counsel. Dckt. No. 33. The court

reiterated the standard for appointment of counsel in *in forma pauperis* cases and found that

because plaintiff's newly filed complaint provided no information to alter the conclusion reached

in the May 13, 2009 order denying counsel, plaintiff's further requests for counsel should also be

denied. *Id.* at 3.

Plaintiff now seeks counsel once again without providing any new information in support

of that request or identifying any changes in her circumstances justifying the appointment of

counsel. Therefore, for the reasons set forth in the May 13, 2009 order and confirmed in the

October 7, 2009 order, plaintiff's current request for counsel is denied.

REQUEST FOR AN INTERPRETER

Plaintiff also requests that the court appoint her an interpreter in this action to help her

understand the documents in her case and understand the proceedings which have been

---

[1] The May 13, 2009 order also granted plaintiff's application to proceed *in forma pauperis* and dismissed her complaint with leave to amend. Dckt. No. 24 at 6.

1    scheduled.  Dckt. No. 40.  She contends that she cannot afford an interpreter and "can only

2    understand the simplest English words spoken slowly[;] everything else must be translated for

3    [her] to understand."  *Id.* at 6.  She adds that up to this point, she has "been able to beg kind and

4    smart people, for free, to slowly read and explain to me the documents in this case, . . . but they

5    cannot come to Court for [her] and cannot help [her] much longer."  *Id.* at 7.  She also argues

6    that her physical disabilities, age, and pain limitations support her request for a court-appointed

7    interpreter.  *Id.*

8         Although the court acknowledges the difficulties plaintiff's limitations may pose for her

9    in this action, plaintiff has not shown that this court has the authority to appoint her an

10   interpreter.  "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only

11   when authorized by Congress . . . ."  *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989)

12   (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)).  The Court is unaware of any

13   statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil

14   action.  The *in forma pauperis* statute does not authorize the expenditure of public funds for

15   court-appointed interpreters.  *See* 28 U.S.C. § 1915; *Loyola v. Potter*, 2009 WL 1033398, at *2

16   (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in

17   civil cases, and, moreover, has no funds to pay for such a program."); *Fessehazion v. Hudson*

18   *Group*, 2009 WL 2596619, at *2 (S.D.N.Y. 2009) ("[G]enerally, pro se civil litigants have no

19   entitlement to an interpreter or translator."); *Mendoza v. Blodgett*, 1990 WL 263527, at *15

20   (E.D. Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to appoint

21   an interpreter in civil in forma pauperis actions."); *compare* Fed. R. Civ. P. 43(d) (granting a trial

22   judge discretion to appoint an interpreter for trial).  Therefore, plaintiff's request for a court-

23   appointed interpreter is denied.

24   ////

25   ////

26   ////

1    CONCLUSION

2           For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to appoint

3    counsel and an interpreter, Dckt. No. 40, is denied without prejudice.

4           SO ORDERED.

5    DATED:  January 20, 2010.

6                                        EDMUND F. BRENNAN
                                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26