IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHEN HALE,

     Plaintiff,                                       No. 2:09-cv-00391 JAM KJN PS

     vs.

VACAVILLE HOUSING AUTHORITY,

     Defendant.                                 <u>ORDER</u>

_____/

        Presently before this court is plaintiff's motion for a court appointed attorney and an interpreter.[1]  For the reasons set forth below, plaintiff's motion is denied.

<u>BACKGROUND</u>

        Plaintiff Chen Hale, a pro se litigant, filed her complaint in this action on December 15, 2008 in the Northern District of California.  (Dkt. No. 1)  On February 9, 2009, the Hon. Maxine M. Chesney, United States District Judge of the Northern District of California, transferred this case to the Eastern District of California, finding that venue appears proper herein.  (Dkt. No. 17)

        Within both the Northern District of California and the Eastern District of

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010. (Dkt. No. 45.)

1

California, plaintiff, in the formative stage of this action, filed four motions to appoint counsel. ((1)  12/22/2008—Request for Appointment of Legal Counsel (Dkt. No. 4); (2)  12/22/2008—Amended Motion to Appoint Counsel (Dkt. No. 5); (3)  1/15/2009—Request for Appointment of Legal Counsel (Dkt. No. 12); and (4) 4/10/200—Request for Appointment of Legal Counsel. (Dkt. No. 21)).

On May 13, 2009, this court issued an order (1) confirming that venue is proper in the Eastern District; (2) granting plaintiff's in forma pauperis request; (3) granting plaintiff leave to file an amended complaint; (4) and denying plaintiff's requests for appointment of counsel, finding that plaintiff failed to demonstrate the "exceptional circumstances" necessary to authorize court appointed counsel in a civil case.  The court noted that plaintiff's filings are "succinct and articulate, and plaintiff has a demonstrated capability of contacting the court in order to move her case along," and found that this case did not warrant the extraordinary step of appointing counsel. (Dkt. No. 24 at 4.)

On May 27, 2009, two weeks after this court's ruling denying the appointment of counsel, plaintiff filed another "Request for Appointment of Legal Counsel."  (Dkt. No. 25.) Plaintiff simultaneously filed her amended complaint.  On June 8, 2009, plaintiff then filed a "Request for Reconsideration to Grant Court-Appointed Counsel."  (Dkt. no. 28.)

On October 7, 2009, this court issued an order (1) screening plaintiff's amended complaint and (2) denying plaintiff's renewed request for appointment of counsel, noting that plaintiff again did not demonstrate any exceptional circumstances warranting the appointment of counsel.  (Dkt. No. 33.)

On November 3, 2009, plaintiff filed a "Request for Court-Appointed 1) Counsel and 2) Interpreter for Plaintiff."  (Dkt. No. 40.)  This court again denied the request for court appointed counsel and the request for an interpreter via a detailed order dated January 20, 2010. (Dkt. No. 43.)  On February 9, 2010, this action was reassigned to the undersigned judge.  (Dkt. No. 45.)

1   On February 10, 2010, plaintiff filed a document entitled "Plaintiff Final Motion for Court-Appointed Counsel and Interpreter." (Dkt. No. 46). Yet this was not plaintiff's final filing on this issue. On March 3, 2010, plaintiff, properly noting that this case was reassigned to the undersigned, again filed a document entitled "Plaintiff Final Motion for Court-Appointed Counsel and Interpreter." (Dkt. No. 48).

As previously recognized by this court, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for court-appointed interpreters. 28 U.S.C. § 1915; Loyola v. Potter, 2009 WL 1033398 at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters in civil cases, and, moreover, has no funds to pay for such a program."). The court again recognizes that plaintiff, despite her pro se status and any perceived difficulties, has successfully articulated her positions via her communications with this court on numerous occasions. Neither appointment of an interpreter or counsel is appropriate based on the facts presented to this court. See 28 U.S.C. § 1915(d); Wilborn v. Excalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (recognizing that the court may appoint counsel under that section only under exceptional circumstances, which includes a finding that a petitioner is unable to articulate his or her claims pro se in light of the complexity of the legal issues involved).

Plaintiff presents no new facts in support of her requests, which have previously been ruled on by this court on *numerous* occasions. Although the court appreciates plaintiff's position and the arguable difficulty in prosecuting a case absent counsel, the multiplicity of plaintiff's filings are a burden on the court and impede the proper prosecution of this action. The undersigned concurs that plaintiff has demonstrated the ability to articulate her position and more than adequately present facts, law and persuasive argument, all without the assistance of counsel or an interpreter.

////

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for appointment of counsel and an interpreter are denied (Dkt. Nos. 46 and 48); and

2. Plaintiff may not seek further court appointment of counsel or an interpreter based upon the information previously presented to this court. Failure to comply with this order may result in documents being stricken from the record and may result in a recommendation that this action be dismissed.

**IT IS SO ORDERED**

DATED: March 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE