IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHEN HALE,

    Plaintiff,                                            No. 2:09-cv-00391 JAM KJN PS

    vs.

VACAVILLE HOUSING AUTHORITY,

    Defendant.                                          ORDER

_____/

        Defendant Vacaville Housing Authority's motion to dismiss plaintiff's amended complaint, Docket No. 55, is currently under submission before this court. The court is carefully considering the pleadings and record in this action and a ruling will issue in due course. Plaintiff, in addition to her opposition to defendant's motion to dismiss, has filed numerous documents in contravention of the Local Rules and Federal Rules of Civil Procedure. (See Dkt. Nos. 62, 63, 66, 67, 68, 70). Many of these filings are duplicative. Others attempt to include additional "evidence" after the close of briefing on the motion to dismiss. The multiplicity of plaintiff's filings is a burden on both the court and defendant and impedes the proper prosecution of this action.

        Moreover, the court issued a detailed order on March 10, 2010, addressing plaintiff's repeated requests for an interpreter, which this court and the Northern District of

1  California have denied on numerous occasions.  In that order, the court ordered that "plaintiff
2  may not seek further appointment of counsel or an interpreter based upon the information
3  previously presented to the court." (Dkt. No. 50.)  The court instructed plaintiff that failure to
4  comply with this order may result in documents being stricken from the record or a
5  recommendation that this action be dismissed.  Despite this order, plaintiff filed two additional
6  requests for an interpreter.[1]  (Dkt. Nos. 62, 63.)

7           Plaintiff's non-compliance with court orders and the rules of litigation procedure
8  may subject plaintiff's action to dismissal.  Local Rule 183, governing persons appearing in pro
9  se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules
10  may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110
11  provides that failure to comply with the Local Rules "may be grounds for imposition by the
12  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
13  Court."  See also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district
14  court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the rules of
15  procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d
16  565, 567 (9th Cir. 1987).  Plaintiff's future filings shall  therefore be limited.  Plaintiff is again
17  cautioned that future and continued noncompliance with the Local Rules and Federal Rules of
18  Civil Procedure may result in dismissal of this action.

19           In light of plaintiff's frequent filing of documents without regard to the rules of
20  procedure and orders of this court, it is HEREBY ORDERED that:

21           1.  Plaintiff may only file the following documents:

22               a.  One opposition to any motion filed by defendant (and clearly titled as

---

[1] Plaintiff filed these two documents with English captions but apparently containing substantive argument in what appears to be the Chinese language.  As demonstrated by plaintiff's numerous other filings, she possesses the ability to communicate with the court in the English language.  Plaintiff's sole purpose in filing these documents in another language appears to be to further argue for an interpreter, a request previously denied on numerous occasions.  This tactical ploy is unavailing and is in contravention of this court's prior order.

such);

          b. Only one motion pending at any time. Such motion must be properly noticed for hearing. Plaintiff is limited to one memorandum of points and authorities in support of the motion, one declaration in support of the motion and one reply to any opposition; and

          c. One set of objections to any findings and recommendations.

2. Plaintiff's latest filings requesting an interpreter are stricken from the record. (Dkt. Nos. 62, 63). Plaintiff shall file no further requests for an interpreter.

**Failure to comply with this order shall result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

DATED: July 29, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE