IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHEN HALE,

    Plaintiff,

vs.

VACAVILLE HOUSING AUTHORITY,

    Defendant.

No. 2:09-cv-00391 JAM KJN PS

ORDER

/

    Plaintiff Chen Hale ("Hale" or "plaintiff"), a pro se litigant, filed an appeal arising from this court's grant of defendant Vacaville Housing Authority's ("VHA" or "defendant") motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and this court's subsequent dismissal of plaintiff's entire action. (Dkt. Nos. 81-82.)

    On March 24, 2011, the Ninth Circuit Court of Appeals referred the matter (the "Referral") to this court for the "limited purpose of determining whether plaintiff's in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Referral, Dkt. No. 85 (citing 28 U.S.C. § 1915(a); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of in forma pauperis status is appropriate where district court find the appeal to be frivolous).)

////

1

1  This court is unaware of any change to plaintiff's financial situation that would
2  alter the in forma pauperis status she was previously given.
3  However, this court determines that plaintiff's appeal is frivolous. As detailed in
4  the Findings and Recommendations (Dkt. No. 73), the bases for plaintiff's complaint were her
5  allegations were that she was wrongfully denied continued rent assistance benefits for "Section
6  8" housing. Plaintiff alleged three causes of action: (1) National origin discrimination against
7  limited English proficient ("LEP") persons under Title VI of the Civil Rights Act of 1964,
8  Executive Order 13155, August 11, 2000; (2) Discrimination on the basis of disability in state
9  and local government under Title II of the Americans with Disabilities Act ("ADA"), Public Law
10 101-336; and (3) California Government Code sections 7290-7299.8 (the Dymally-Alatorre
11 Bilingual Services Act).
12 Plaintiff's action was dismissed on the independent, alternative grounds of lack of
13 jurisdiction under Federal Rule 12(b)(1) and failure to state a claim under Federal Rule 12(b)(6).
14 Fed. R. Civ. P. 12(b)(1), (b)(6). These grounds are discussed in detail in the Findings and
15 Recommendations (Dkt. No. 73), which, good cause appearing, were ultimately adopted as the
16 order of the court. (Dkt. No. 79.)
17 There are several reasons for this court's determination that plaintiff's appeal is
18 frivolous. While the grounds for appeal are not clearly stated within plaintiff's Notice of Appeal
19 (Dkt. No. 81), that document does not appear to address the alternate and independent legal
20 grounds upon which plaintiff's case was dismissed. As detailed in the Findings and
21 Recommendations, the court dismissed plaintiff's action for lack of jurisdiction because plaintiff
22 did not exhaust her administrative remedies in state court. (Dkt. Nos. 73, 79.) Plaintiff failed to
23 bring any administrative mandamus action to challenge the VHA's revocation of her Section 8
24 benefits or the hearing officer's decision. Plaintiff did not articulate any factual or legal argument
25 for her failure to pursue that remedy. That failure to exhaust means that the California courts
26 would have accorded the hearing officer's findings preclusive effect as a final state court

judgment.  Hence, this court found that the hearing officer's unchallenged ruling in favor of the VHA precluded plaintiff's action.

The court also dismissed plaintiff's action on the separate and additional grounds of collateral estoppel.  (Dkt. Nos. 73, 79).  The court found that Plaintiff was estopped from relitigating her action based on the preclusive effect of the VHA hearing officer's decision.  The complaints that plaintiff submitted to the hearing officer were virtually identical to those set forth in her pleading.  Plaintiff did not claim that the revocation proceedings failed to meet the elements required for such proceedings to have a preclusive effect.

Even though this court found that plaintiff's action warranted dismissal for these alternate reasons, it took the additional step of analyzing plaintiff's claims for relief pursuant to Rule 12(b)(6).  (Dkt. No. 73.)  The Findings and Recommendations detailed the deficiencies of plaintiff's claims and described how they warranted dismissal as well.  (Id.)  First, plaintiff alleged that she was discriminated against on the basis of her Chinese national origin, in violation of Title VI of the Civil Rights Act of 1964.  (Dkt. No. 27 at 1.)  Plaintiff alleged that because the VHA spoke with her in English that she "could mostly not understand," that the VHA "failed in their federal duty to convey an understanding to me of my notification requirements to the VHA."  (Dkt. No. 61 at 5.)  There is no authority to support this broad-sweeping statement regarding federal communications duties.  Moreover, there is no disparate impact on those persons of Chinese origin, all non-English speaking people are equally affected by English-only forms.  (Dkt. No. 73.)  Second, plaintiff alleged that the VHA violated the ADA.  However, in her amended complaint, plaintiff did not allege that she has a qualifying disability under the ADA or even infer that she was excluded from services *because of* any alleged disability.  (Dkt. No. 73.)  Third, plaintiff sought to allege a state law claim under the Dymally-Alatorre Bilingual Services Act, but such claim was dismissed because this court declined to exercise supplemental jurisdiction over any state law claims.  28 U.S.C. § 1367(c)(3).  (Dkt. No. 73.)

////

1             In sum, the Findings and Recommendations detailed the factual and legal reasons that plaintiff is estopped from bringing her suit: she did not exhaust her administrative remedies; she is precluded from relitigating her claims under the principles of collateral estoppel; and her federal causes of action fail to state claims upon which relief may be granted.  In light of these separate and independent grounds for dismissing her suit, plaintiff's appeal is frivolous.

             In addition to the foregoing, while the grounds for appeal are not clearly stated within plaintiff's Notice of Appeal, that document suggests that plaintiff now alleges that a "white lady program participant" was "allowed to stay in the Section 8 Housing Program under the same facts and circumstances as my case," amounting to "intentional discrimination" by the VHA – something she intimated in her objections to the Findings and Recommendations (Dkt. No. 74 at 9) but did not actually plead in her Amended Complaint.  (Compare Am. Compl., Dkt. No. 27 with Notice of Appeal, Dkt. No. 81 at 1-2.)  Accordingly, plaintiff's appeal appears to be based on this brand new factual and legal theory not properly litigated in the district court.

             In response to the Referral, for all the foregoing reasons and for those described in detail in the Findings and Recommendations that were ultimately adopted as the order of the court, this court determines plaintiff's appeal to be frivolous.

**IT IS SO ORDERED.**

DATED:  March 30, 2011

                                                            /s/ John A. Mendez                    
                                                            U. S. DISTRICT COURT JUDGE